UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREG SORENSEN PRODUCTIONS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>MARCHESA HOLDINGS, LLC,<br><br>*Defendant.* | Case No. 1:25-cv-1829<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

Plaintiff Greg Sorensen Productions, Inc. ("Sorensen" or "Plaintiff"), by and through the undersigned counsel, asserts as follows:

**NATURE OF THE CASE**

1. This is a civil action for, *inter alia*, intentional copyright violations, breach of contract, account stated, unjust enrichment, and violations of the Freelance Isn't Free Act, NYC Admin. Code § 20-927 *et seq*. ("FIFA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) since a substantial portion of the alleged misconduct giving rise to the claims asserted herein occurred in this district as well as 28 U.S.C. § 1400(a) since Defendant conducts substantial business in the State of New York and/or can be found in this district.

4. This Court has supplemental jurisdiction over Plaintiff's related claims arising

under state law pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Greg Sorensen Productions, Inc. is Greg Sorensen's solely-owned corporation both domiciled and conducting business in New York.

6. Defendant Marchesa Holdings, LLC ("Marchesa" or "Defendant") is a limited liability company domiciled in Delaware and headquartered in and conducting business in New York.

## FACTS

7. Greg Sorensen is a successful professional photographer with a long history of working in and around New York City.

8. Sorensen also has a long history of providing quality professional photography services to clients in and around New York City.

9. Unfortunately, Sorensen has experienced repeated difficulty obtaining timely payment from Marchesa for an extended period during the course of the parties' relationship.

10. Most recently, Marchesa has failed to pay for two invoices for services requested by, delivered to, and accepted by Marchesa.

11. The invoices bear the following details:

| **Invoice No.** | **Invoice Date** | **Due Date** | **Services** | **Amount** |
|---|---|---|---|---|
| 240213M | February 14, 2024 | March 15, 2024 | Marchesa Look Book | $5,183.65 |
| 240328M | April 1, 2024 | May 1, 2024 | Marchesa SS25 Bridal Shoot | $3,809.10 |

12. Hereinafter, these invoices shall collectively be referred to as "the Invoices."

13. The services (i.e., the photo shoots) for the Invoices took place in Spring 2024 at

various locations in Manhattan.

14. The services were for the rendering of professional images of various dresses and fashion products that it was understood Marchesa would sell at retail.

15. Plaintiff promptly transmitted the professional images from the photo shoots to Marchesa when they were complete.

16. According to the Invoices, Plaintiff retains sole ownership of all copyrights and intellectual property to the photographs, and Plaintiff grants Defendant a limited license to use the photographs, but the license is only effective on Defendant's payment for the services rendered.

17. In rendering the services called for in the Invoices, Plaintiff went out-of-pocket to pay its own subcontractors.

18. True and correct copies of the Invoices are attached hereto as <u>Exhibit A</u>.[1]

19. The Invoices were sent via email, and Marchesa acknowledged receipt of the Invoices on multiple occasions.

20. Marchesa received the Invoices, which it cannot reasonably dispute.

21. Marchesa never objected to the Invoices and still has not objected to any portion of the Invoices at the time of this filing.

22. Marchesa never objected to any of the services rendered by Plaintiff. Specifically, Marchesa never accused Plaintiff at any time of failing to perform any services or performing any services improperly.

23. To date, despite repeated polite and professional follow ups from Sorensen, no one from within Marchesa has acknowledged when the Invoices will be paid.

24. Marchesa's representatives have repeatedly thanked Sorensen for its good and

---

[1] Certain details related to the Invoices have been redacted for privacy.

valuable work, and Marchesa has never identified any reason why it cannot or will not pay the Invoices.

25. To date, the Invoices remain unpaid.

26. Obviously, Marchesa was satisfied with the services rendered because it has now been utilizing the professional photographs provided to it by Plaintiff in marketing Marchesa's own goods.

27. Specifically, in or around January to February 2025, Plaintiff discovered that Marchesa has been using dozens of the photographs from the photo shoots on Marchesa's social media channels, including, but not limited to, Instagram and Facebook, to promote and sell Marchesa's goods.

28. This is in flagrant violation of Plaintiff's intellectual property rights, as ownership of the copyrights to the images never transferred to Marchesa when Marchesa has not paid for the underlying services.

29. Plaintiff has registered the formal copyrights to the images included within the Invoices with the United States Copyright Office.

30. Marchesa has more than four million Instagram and 550,000 Facebook followers who have viewed Plaintiff's images for many weeks without attribution.

31. Marchesa has also posted Plaintiff's images to Marchesa's own website so that Marchesa can market the products in the images.

32. Marchesa's repeated usages of the images are in flagrant violation of Plaintiff's copyrights to the images, are for the express purpose of generating revenue and goodwill for Marchesa, and are without having paid anything for the images.

33. True and correct copies of just a few of Marchesa's improper usage of Plaintiff's

images is attached hereto as <u>Exhibit B</u>. There are dozens of other examples.

34. Upon information and belief, Marchesa has already generated substantial revenue from selling the products in question, which would not be possible without the use of Plaintiff's valuable intellectual property.

35. Marchesa has been warned multiple times in writing that it is actively violating Plaintiff's copyrights, and yet Marchesa has continued to infringe the copyrights without excuse, apology, or justification.

36. Greg Sorensen Productions, Inc. is Greg Sorensen's wholly owned corporation.

37. All or nearly all of Plaintiff's services to Marchesa were physically performed in New York City, where Sorensen was physically located at nearly all relevant times.

38. Having only worked with a single individual on behalf of Plaintiff, Marchesa was keenly aware that the above-described services were physically being rendered primarily within New York City's city limits.

39. Defendant has damaged Plaintiff in an amount within the jurisdictional limits of this Court.

## CAUSES OF ACTION

40. Plaintiff incorporates by reference the preceding paragraphs for each Cause of Action pleaded herein.

### *First Cause of Action – Copyright Infringement*

41. Plaintiff is the owner and holder of the copyright to the images at issue.

42. Defendant copied, reproduced, distributed, and displayed copies of Plaintiff's photographs beyond the scope of any license.

43. Defendant did not pay for the privilege to earn any license from Plaintiff to display,

copy, or distribute the photographs.

44. Defendant's conduct has been willful, intentional, and/or reckless.

45. Defendant has been on prior written notice for many months that it owes Plaintiff for the Invoices, and Defendant's failure to pay the Invoices while actively violating Plaintiff's copyrights constitutes a willful ongoing infringement.

46. Upon belief, Defendant already has and/or will in the future generate millions of dollars in revenue from sales of the products at issue, all of which would not be possible without Plaintiff's photographs.

47. By copying, distributing, displaying, publishing, and otherwise exploiting the images to which Plaintiff owns the copyrights, Defendant has infringed Plaintiff's copyrights in and to each of the images.

48. Defendant has benefited from the unlicensed use of Plaintiff's images through increased promotion and advertising of Defendant's respective products and increased web traffic to Defendant's commercial website.

49. The actions by Defendant described herein have caused Plaintiff significant injuries, losses, and damages in an amount to be determined at trial.

50. Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to $30,000 for each image that has been infringed.

51. Because Defendant's infringement has been willful, pursuant to 17 U.S.C. § 504, Plaintiff is entitled to $150,000 for each image that has been infringed.

52. The total number of intentionally infringed images at the time of this filing is at least sixty. Therefore, Plaintiff has been damaged in a total sum of at least $1.8 million and upwards of $9 million if the Court finds Defendant's violations were intentional.

### *Second Cause of Action – Breach of Contract*

53. Marchesa retained Plaintiff to perform certain services.

54. Plaintiff provided the services according to the Invoices, which constituted a binding agreement between Plaintiff and Defendant.

55. Marchesa materially breached the Invoices by failing to timely pay for any of Plaintiff's services.

56. Plaintiff suffered damages from Marchesa's breach, and Marchesa is liable to Plaintiff for breach of contract in the amount of $8,992.75, plus pre- and post-judgment interest.

### *Third Cause of Action– Violations of Freelance Isn't Free Act,*
### *NYC Admin. Code § 20-929 (Failure to Timely Pay)*

57. Effective May 15, 2017, FIFA establishes and enhances protections for freelance workers in New York City. Specifically, FIFA establishes the right to timely and full payment, along with the right to bring a private action to enforce such right in New York courts. FIFA provides that parties cannot contract around such rights and provides penalties for violations of such rights, including statutory damages, double damages, injunctive relief, and mandatory attorney's fees.

58. Plaintiff was a "freelance worker" for Marchesa as defined by NYC. Admin. Code § 20-927 because Plaintiff comprise an individual and/or an organization composed of no more than one natural person, that was hired or retained as an independent contractor by a hiring party to provide services in exchange for compensation.

59. Marchesa was a "hiring party" as defined by NYC. Admin. Code § 20-927 because Marchesa hired Plaintiff to provide a service.

60. In violation of NYC Admin. Code § 20-929, Marchesa failed to pay Plaintiff for the foregoing services on or before the date such compensation was due under the terms of the

Contract; or no later than 30 days after the completion of the freelance worker's services under the contract.

61. Pursuant to NYC Admin. Code § 20-933(b), Plaintiff is entitled to the full amount of the Invoices and double the amount of the Invoices as mandatory liquidated damages, for a total of $17,985.50, plus mandatory attorney's fees.

### Fourth Cause of Action – Account Stated

62. Plaintiff's unpaid Invoices constitute a statement of account.

63. The unpaid Invoices were presented to Marchesa as detailed herein.

64. Specifically, the unpaid Invoices were presented multiple times in 2024 and were acknowledged to have been received.

65. Marchesa did not timely dispute or object to the unpaid Invoices or any of the services Plaintiff provided.

66. Plaintiff has thus established an account stated, and Marchesa is liable to Plaintiff for $8,992.75.

### Fifth Cause of Action – Unjust Enrichment

67. Marchesa's failure to pay has unjustly enriched Marchesa at Plaintiff's expense.

68. Marchesa is liable to Plaintiff for $8,992.75.

### Sixth Cause of Action – Attorney's Fees

69. Pursuant to FIFA, Plaintiff is statutorily entitled to recover its attorney's fees. Stated differently, the Court has no discretion *not* to award Plaintiff its attorney's fees.

70. Plaintiff has already incurred approximately $5,000 in attorney's fees, and Plaintiff's attorney's fees will continue to accrue as this matter progresses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court award Plaintiff the following relief:

1. Judgment in Plaintiff's favor and against Defendant on all claims herein, including:

    a. A preliminary and permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs that are in the control or possession or custody of Defendant.

    b. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to its infringements, damages suffered as a result of the lack of credit and attribution, and damages for Defendants' willful copyright violations.

    c. Compensatory and statutory damages of at least $17,985.50, plus interest, as applicable by law.

    d. Plaintiff's reasonable attorneys' fees, costs, and expenses.

2. Such other and further relief as is just and proper.

Dated: March 4, 2025
       New York, New York

                                THOMPSON & SKRABANEK, PLLC

                                By: _____
                                    J.R. Skrabanek
                                    515 Madison Avenue, 31st Floor
                                    New York, NY 10022
                                    Tel: (646) 568-4280
                                    jrs@ts-firm.com

Attorneys for Plaintiff